# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                            Plaintiff,<br>  vs.<br>MORGAN GONZALEZ,<br><br>                            Defendant. | CASE NO. 08cr3431 WQH<br><br>ORDER |

HAYES, Judge:

The matter before the Court is the motion to dismiss the indictment based on an invalid deportation (Doc. # 12) filed by the Defendant Morgan Gonzalez.

### BACKGROUND FACTS

Defendant is charged with attempted entry into the United States after deportation in violation of 8 U.S.C. § 1326.

On February 27, 1983, Defendant was born out of wedlock in Mexico to Mexican citizens Juan Gonzalez and Maria Ramirez. Defendant lived in Mexico with his mother. In 1996, at the age of thirteen, Defendant emigrated to the United States to live with his father in Oakland, California. In 1996, Defendant's father became a naturalized United States citizen.

Shortly before his eighteenth birthday, the Defendant applied for legal permanent residency from the Immigration and Naturalization Service. Defendant submitted all required

1  documents for adjustment of status. On February 27, 2001, the Defendant reached the age of
2  eighteen. On November 2, 2001, the Immigration and Naturalization Service approved the
3  Defendant's application for adjustment of status and the Defendant was granted permanent
4  legal residency.

5  On March 21, 2005, the Defendant was convicted of Sexual Battery on a Minor in
6  violation of California Penal Code 243.4 in California Superior Court, Oakland County.
7  Defendant received a sentence of 6 days imprisonment and 60 months probation. On
8  December 5, 2006, Defendant's probation was revoked and Defendant was sentenced to one
9  year imprisonment.

10  At the conclusion of his state sentence, federal immigration authorities commenced
11 deportation proceedings based upon his prior state conviction. Defendant was represented by
12 counsel in the immigration proceeding. Defendant asserted in the immigration proceeding that
13 his prior state conviction did not constitute an aggravated felony, and that he was United States
14 citizen. Defendant argued to the Immigration Judge that he was a United States citizen by
15 birth out of wedlock pursuant to 8 U.S.C. § 1409, and as a derivative citizen pursuant the Child
16 Citizenship Act of 2000, 8 U.S.C. § 1431. The Immigration Judge found that Defendant's
17 prior conviction under § 243.4 was an aggravated felony; that 8 U.S.C. § 1409 was not
18 applicable;[1] and that Defendant was not a derivative citizen under the Child Citizenship Act
19 because this statute required an individual to be under the age of 18 on its effective date, and
20 the Defendant turned 18 on the date the statute went into effect. The Immigration Judge
21 ordered Defendant removed.

22  Counsel on behalf of the Defendant in the immigration proceeding, filed an appeal of
23 the order of removal to the Board of Immigration Appeals. On January 24, 2008, the Board
24 of Immigration Appeals affirmed the findings and conclusions of the Immigration Judge and
25 dismissed the appeal.

26  On January 29, 2008, Defendant was deported to Mexico.

---

[1] This statute establishes the conditions under which children born out of wedlock are to be considered United States citizens at birth and requires that "the father had the nationality of the United Sates at the time of the person's birth." 8 U.S.C. § 1409(a)(2).

On January 30, 2008, counsel on behalf of the Defendant in the immigration proceeding, filed a notice of appeal from the order of removal in the Court of Appeals for the Ninth Circuit.

On May 27, 2008, while the appeal of the order of removal was pending in the Court of Appeals, Defendant was arrested on the charges in this case.

On January 22, 2009, the Court of Appeals issued a decision affirming the order of removal. Counsel on behalf of the Defendant in the immigration proceeding, subsequently received an extension of time to file a petition for rehearing.

## CONTENTIONS OF THE PARTIES

Defendant contends that the Court should dismiss the indictment in this case pursuant to 8 U.S.C. 1326(d) on the grounds that his deportation was fundamentally unfair. Defendant contends that his counsel in the immigration proceeding asserted that he was a derivative citizen under two distinct statutes for which it appears he was categorically ineligible to qualify, and that counsel failed to assert a claim to derivative citizenship under the now defunct 8 U.S.C. § 1432[2] for which he had a colorable claim. The Government contends that the Defendant cannot show that his removal was fundamentally unfair and the undisputed facts show that the Defendant plainly cannot derive citizenship pursuant to 8 U.S.C. § 1432.

## RULING OF THE COURT

In order to sustain a collateral attack under §1326(d), a defendant must, within constitutional limitations, demonstrate (1) that he exhausted all administrative remedies available to him to appeal his removal order, (2) that the underlying removal proceedings at which the order was issued improperly deprived him of the opportunity for judicial review, and (3) that the entry of the order was fundamentally unfair. 8 U.S.C. § 1326(d). An underlying removal order is fundamentally unfair if: 1) an alien's due process rights were violated by defects in the underlying proceedings, and 2) he suffered prejudice as a result of the defects. *United States v. Ubaldo-Figueroa*, 364 F.3d 1042, 1048 (9th Cir. 2004); *United States v.*

---

[2] This statute was in effect prior to the Child Citizenship Act of 2000 which became effective on February 27, 2001.

1 *Camacho-Lopez*, 450 F.3d 928, 930 (9th Cir. 2006).

2 In this case, the Court concludes that Defendant cannot show "that the underlying removal proceedings at which the order was issued improperly deprived him of the opportunity for judicial review." 8 U.S.C. § 1326(d)(2). Defendant, represented by counsel in the immigration proceeding, filed an appeal from the Immigration Judge's order of removal to the Bureau of Immigration Appeals and to the Court of Appeals for the Ninth Circuit. Defendant fully pursued his opportunity for judicial review.

8 Defendant correctly asserts that deprivation of the opportunity for judicial review can be established by demonstrating ineffective assistance of counsel. *See Nedah v. Mukasey*, 524 F.3d 962, 964 (9th Cir. 2008). "Ineffective assistance of counsel amounts to a violation of due process if the proceeding was so fundamentally unfair that the alien was prevented from reasonably presenting his case. To make out an ineffective assistance claim, an immigrant must show (1) counsel's performance was deficient, and (2) that counsel's deficiency caused prejudice. Prejudice only results when counsel's performance is so inadequate that it may have affected the outcome of the proceedings." *Id.* (citations omitted).

16 Defendant asserts that his counsel in the immigration case was ineffective because counsel did not make a claim of derivative citizenship based upon 8 U.S.C. § 1432, in effect prior to the Child Citizenship Act of 2000. Defendant contends that he has a legitimate claim to derivative citizenship under 8 U.S.C. § 1432, the predecessor statute to the Child Citizenship Act of 2000. Defendant asserts that there would likely have been a different and favorable outcome had his immigration counsel raised a claim to derivative citizenship under 8 U.S.C. § 1432. The Government contends that the Defendant is plainly ineligible for derivative citizenship pursuant to 8 U.S.C. § 1432 and that the decision of his counsel in the immigration proceeding not to pursue relief on this ground does not render the legal assistance ineffective.

25 "Citizenship for one not born in the United States may be acquired 'only as provided by Acts of Congress.'" *Minasyan v. Gonzales*, 401 F.3d 1069, 1075 (9th Cir. 2005) (*quoting Miller v. Albright*, 523 U.S. 420, 424 (1998)). 8 U.S.C. § 1432(a), the predecessor statute to the Child Citizenship Act of 2000, provided that a child born outside of the United States of

alien parents automatically becomes a citizen of the United States upon the fulfillment of the following conditions:

>   (1) The naturalization of both parents; or
>
>   (2) The naturalization of the surviving parent if one of the parents is deceased; or
>
>   (3) The naturalization of the parent having legal custody of the child when there has been a legal separation of the parents or the naturalization of the mother if the child is born out of wedlock and the paternity of the child has not been established by legitimation; and if
>
>   (4) Such naturalization takes place while such child is unmarried and under the age of eighteen; and
>
>   (5) Such child is residing in the United States pursuant to lawful admission for permanent residence at the time of the naturalization of the parent naturalized under clause (1) of this subsection, or the parent naturalized under clause (2) or (3) of this subsection, or thereafter begins to reside permanently in the United States while under the age of eighteen years.

8 U.S.C. § 1432(a).

In this case, the facts relevant to determining derivative citizenship pursuant to 8 U.S.C. § 1432(a) are not in dispute. Defendant was born out of wedlock in Mexico to Mexican citizens; Defendant emigrated to the United States to live with his father in 1996; Defendant's father became a naturalized United States citizen in 1996; Defendant was not a legal permanent resident at the time of his father's naturalization and did not become a legal permanent resident until eight months after his eighteenth birthday; and Defendant's mother is not deceased and not a naturalized United States citizen. Defendant cannot derive citizenship through his naturalized father under § 1432(a)(3) because his parents were not married and legally separated, and his father had legal custody. Defendant cannot derive citizenship through his mother because his mother has not naturalized.

Defendant is further foreclosed under the undisputed facts from deriving citizenship through his naturalized father on the grounds that § 1432(a)(5) requires that "the alien must acquire lawful permanent resident status while under the age of 18 years." *In re Nwozuzu*, 24 I&A Dec. 609 (BIA 2008). The Immigration and Naturalization Service approved the Defendant's application for adjustment of status and the Defendant was granted permanent legal residency on November 2, 2001, eight months after he reached the age of 18 years.

1  Based on these undisputed facts, the Defendant cannot derive citizenship under § 1432(a).

## CONCLUSION

The Court concludes that the Defendant had a full and fair opportunity for judicial review in his immigration proceeding and took advantage of that opportunity; and that no facts or law exist to support a claim for ineffective assistance of counsel in his immigration proceeding. Defendant cannot show that his order of removal was fundamentally unfair and is not entitled to collaterally attack his deportation pursuant to 8 U.S.C. § 1326(d).

IT IS HEREBY ORDERED that the motion to dismiss the indictment based on an invalid deportation (Doc. # 12) filed by Defendant Morgan Gonzalez is denied.

DATED: May 29, 2009

**WILLIAM Q. HAYES**
United States District Judge